NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ALLAN RISTAU,<br><br>　　　Petitioner,<br><br>　vs.<br><br>STATE OF CALIFORNIA, Warden,<br><br>　　　Respondent. | No. C 09-04216 JF (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Petitioner, a California inmate who was released on September 14, 2007, proceeding pro se, seeks a petition for a writ of habeas corpus. For the following reasons, the Court will dismiss the petition with leave to amend.

**STATEMENT**

On October 30, 2002, Petitioner was convicted of numerous charges involving fraud and the sale of unqualified securities in Santa Clara County Superior Court. (Pet. at 2.) Petitioner was sentenced to eleven years in state prison. (Id.) Petitioner appealed his conviction all the way to the United States Supreme Court, which lead to a favorable ruling on a Blakely/Cunningham issue resulting in a two years reduction in Petitioner's

sentence. Petitioner was released on September 14, 2007, with 302 days credit. (Pet. Attach. "Federal Habeas Pet." at 4.)

Petitioner filed a writ of habeas corpus in the state appellate court which was denied on May 29, 2008. (Pet. at 6.) Petitioner filed the instant federal petition on September 11, 2009.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

The Court will dismiss the petition with leave to amend to first address the issue of custody. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. Id. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). At the time he filed the petition, Petitioner had been released from prison for nearly years. (Pet. at 2.) The implications of "302 days credit" is not readily apparent, and Petitioner will be required to clarify in the amended petition his current

state of custody, *e.g.*, whether he remains on parole.[1] If Petitioner is not "in custody," then the petition must be denied as no relief can be granted by this Court by way of a federal habeas petition.

Furthermore, there is the issue of exhaustion. As grounds for federal habeas relief, Petitioner alleges 26 claims, 16 of which attack the nature of the charges against him and the remaining 10 claims alleging trial errors. However, it is unclear whether he exhausted all 26 claims in the state courts through his direct appeals. Neither did Petitioner exhaust these claims through collateral challenges because Petitioner did not seek review to the state high court of the state appellate court's denial of his state habeas petition.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3

---

[1] The custody requirement does not require that a prisoner be physically confined. Maleng, 490 U.S. at 491. A petitioner who is on parole at the time of filing is considered to be in custody, see Jones v. Cunningham, 371 U.S. 236, 241-43 (1963); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, see Chaker, 428 F.3d at 1219; cf. United States v. Span, 75 F.3d 1383, 1386 n.5 (9th Cir. 1996) (probation establishes custody for purposes of 28 U.S.C. § 2255), a petitioner released on his own recognizance, see Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 301-02 (1984) (pending retrial); Hensley v. Municipal Court, 411 U.S. 345, 351-53 (1973) (pending execution of sentence), or a petitioner serving a suspended sentence, see Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984); United States v. Hopkins, 517 F.2d 420, 423-24 (3d Cir. 1975). Custody is found where the sentence imposed significantly restrains petitioner's liberty, see, e.g., Dow v. Circuit Court, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to 14 hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), cert. denied, 510 U.S. 1110 (1994), but not where only a fine is imposed, see Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay); Edmunds v. Won bae Chang, 509 F.2d 39, 41 (9th Cir. 1975) (habeas jurisdiction does not exist to test a "fine only" sentence).

1  (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court
2  must be given an opportunity to rule on the claims even if review is discretionary.  See
3  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete
4  round of the State's established appellate review process.").  Accordingly, Petitioner must
5  show in the amended petition that he has fully exhausted his state remedies with respect
6  to all 26 claims raised therein.

## CONCLUSION

In light of the foregoing, the Court hereby orders as follows:

1.     The petition is hereby DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** of the date this order is filed, Petitioner must file an amended petition using this Court's form for habeas petitions.  The amended petition must include the caption and civil case number used in this order, No. C 09-04261 JF (PR), as well as the words AMENDED PETITION on the first page.  Petitioner may not incorporate material from the original petition by reference. Petitioner must show in the amended petition that he has exhausted his state judicial remedies with respect to all the claims raised therein.

**Failure to file an amended petition in accordance with this order in the time provided shall result in the dismissal of this action without prejudice.**

The Clerk shall include two copies of this court's form petition with a copy of this order to Petitioner.

IT IS SO ORDERED.

DATED: __2/11/10_____          _____
                                        JEREMY FOGEL
                                        United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\HC.09\Ristau04216_dwlta.wpd
                                                4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN ALLAN RISTAU,

        Petitioner,

  v.

STATE OF CALIFORNIA,

        Respondent.
                                  /

Case Number: CV09-04216 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/22/10  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Allan Ristau
2909 Nieman Boulevard #325
San Jose, CA 95148

Dated:   2/22/10

                                           Richard W. Wieking, Clerk