*E-Filed 10/13/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN ALLAN RISTAU, | No. C 09-4216 RS (PR) |
| Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **ORDER TO PETITIONER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED** |
| STATE OF CALIFORNIA, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* former state prisoner pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend, and with instructions to reallege his claims without incorporating the allegations in the original petition by reference. Petitioner filed an amended petition, but failed to allege any claims. The petition was dismissed and judgment entered in favor of respondent. Petitioner has now filed a complete amended petition, which the Court regards as including a motion to reopen. Accordingly, the action is REOPENED, and the order of dismissal (Docket No. 7) and the judgment (Docket No. 8) are hereby VACATED. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## DISCUSSION

According to the petition, petitioner was convicted in state court in 2002 and released from state prison in 2007. He filed the instant federal habeas action in 2009. Petitioner,

however, has not shown that he was in custody at the time he filed his 2009 federal petition. Petitioner asserts only that he was in custody at the time he filed his state actions. **This is not sufficient under section 2254.  Rather, petitioner must have been in custody at the time he filed his federal habeas petition.**

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). At the time he filed the petition, petitioner had been released from prison for nearly two years.

The custody requirement does not require that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963); as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005);   a petitioner released on his own recognizance, *see Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 301–02 (1984) (pending retrial); *Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (pending execution of sentence), or a petitioner serving a suspended sentence, *see Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984); *United States v. Hopkins*, 517 F.2d 420, 423–24 (3d Cir. 1975). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see*, e.g., *Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to 14 hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), cert. denied, 510 U.S. 1110 (1994), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). If petitioner was not "in custody," then the petition must be denied as no relief can be granted by this Court by way of a federal habeas petition. **Within 30 days from the date this order**

**is filed, petitioner must submit a signed declaration, submitted under penalty of perjury, attesting to specific facts that he was in custody for purposes of 28 U.S.C. § 2254 at the time he filed his federal habeas petition.  Again, that he was in custody when he filed his state actions is not sufficient.**

Furthermore, there is the issue of exhaustion.  As grounds for federal habeas relief, petitioner alleges 26 claims, 16 of which attack the nature of the charges against him and the remaining 10 claims alleging trial errors.  However, it is unclear whether he exhausted all 26 claims in the state courts through direct or collateral review.  It appears, rather, that he exhausted only his claim under *Blakely v. Washington*, 542 U.S. 296 (2004).

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  **Within 30 days from the date this order is filed, petitioner must submit a signed declaration, submitted under penalty of perjury, attesting to specific facts that he has exhausted ALL claims asserted in his federal petition.**

**Failure to file both declarations within 30 days from the date this order is filed will result in the dismissal of the action without further notice to petitioner.**

**IT IS SO ORDERED**.

DATED: October 12, 2010

RICHARD SEEBORG
United States District Judge