*E-Filed 10/21/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN ALLAN RISTAU, | No. C 09-4216 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| STATE OF CALIFORNIA, | |
| Respondent. | |

This is a federal habeas corpus action filed by a *pro se* former state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner was ordered to submit a declaration attesting to specific facts that he was in custody for purposes of section 2254.  Petitioner has filed such a declaration.  In it, he alleges that he was in custody when he filed a prior federal habeas petition, No. 07-05489, an action that was dismissed in 2008.  Petitioner asserts that because he was in custody when he filed his first federal habeas petition, the custody requirement for the instant petition is satisfied.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed.  *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  This requirement is jurisdictional.  *Id.*  A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied.  *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).  At the time he filed the petition, petitioner had been released from prison for nearly two

years.

The custody requirement does not require that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963); as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005); a petitioner released on his own recognizance, *see Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 301–02 (1984) (pending retrial); *Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (pending execution of sentence), or a petitioner serving a suspended sentence, *see Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984); *United States v. Hopkins*, 517 F.2d 420, 423–24 (3d Cir. 1975). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see*, e.g., *Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to 14 hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), cert. denied, 510 U.S. 1110 (1994), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). If petitioner was not "in custody," then the petition must be denied as no relief can be granted by this Court by way of a federal habeas petition.

Petitioner has not shown that he was in custody when he filed the instant petition. Petitioner states that he was released from custody in 2008, a statement the Court interprets to mean that he was released from incarceration in 2008. Petitioner does not allege that he was on parole after his release. That he was, it appears, in custody when he filed his prior petition is not relevant. Accordingly, petitioner having failed to show that he was in custody for purposes of section 2254, and the Court therefore lacking jurisdiction, the petition is hereby DISMISSED WITH PREJUDICE.

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: October 21, 2010

                RICHARD SEEBORG
                United States District Judge